# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Maggie Nadeau,

    Plaintiff,

v.

Experian Information Solutions, Inc.,

    Defendant.

Case No. 20-cv-1841(PJS/TNL)

**ORDER**

Jenna Dakroub, Price Law Group, APC, 8245 North 85th Way, Scottsdale, AZ 85258 (for Plaintiff); and

Eric A. Nicholson, Jones Day – Detroit, 150 West Jefferson Avenue Suite 2100, Detroit, MI 48226; and Gregory John Myers, Lockridge Grindal Nauen PLLP, 100 Washington Avenue South Suite 2200, Minneapolis, MN 55401 (for Defendant).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Maggie Nadeau's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses and Deem Insufficient Answers Admitted (ECF No. 19). A hearing was held on December 1, 2020. (ECF No. 20.) Jenna Dakroub appeared on behalf of Plaintiff; Eric A. Nicholson and Gregory John Myers appeared on behalf of Defendant.

## II. BACKGROUND

In August 2020, Plaintiff filed a one-count Complaint alleging Defendant violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by reporting inaccurate information on her credit report and failing to conduct a reasonable investigation after

1

receiving a notice of dispute. (Compl., ECF No. 1.) On October 5, 2020, Plaintiff filed an Amended Complaint (Am. Compl., ECF No. 13), again alleging that Defendant violated the FCRA. Defendant filed its Answer to the Amended Complaint on October 19, 2020. (Answer, ECF No. 14.) In addition to providing responses to Plaintiff's allegations, Defendant asserted ten affirmative defenses. (*Id.*) In the present motion, Plaintiff challenges five of Defendant's responses to the Amended Complaint and also asks the Court to strike six of Defendant's affirmative defenses. (Pl.'s Mot. to Strike, ECF No. 19; *see generally* Pl.'s Memo. of Law in Support of Mot. to Strike ("Pl.'s Memo."), ECF No. 21.) Defendant opposes the motion.

### III. ANALYSIS

The Court begins with Plaintiff's challenges to Defendant's responses to her Amended Complaint. It will then turn to Plaintiff's challenges to Defendant's affirmative defenses.

**A. Defendant's Responses to Allegations in the Amended Complaint**

Plaintiff argues that Defendant's responses to paragraphs 12, 14, 40, 41, and 44 of her Amended Complaint do not sufficiently comply with Federal Rule of Civil Procedure 8(b). She argues this will force her to take "exhaustive" additional steps in discovery "regarding what should otherwise be undisputed matters." (Pl.'s Memo. at 7.) Defendant counters that its responses were made in good faith and that it has met its pleading obligations under the Federal Rules. (Def.'s Resp. to Pl.'s Mot. to Strike ("Def.'s Resp.") at 2-3, ECF No. 25.)

Federal Rule of Civil Procedure 8(b) lays out how parties must respond to facts

alleged in a complaint. Parties are required to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).

### 1. Paragraphs 12 and 14

Plaintiff first challenges the responses to paragraphs 12 and 14 of her Amended Complaint, which detail information about her bankruptcy proceedings. She argues these answers do not sufficiently comply with Rule 8(b)(5). These paragraphs contain the following information:

> 12. On or about June 25, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy code, in the United States Bankruptcy Court for the District of Minnesota (St Paul), petition number 19-32048.
>
> . . .
>
> 14. Plaintiff received a discharge in bankruptcy court on or about September 30, 2019.

(Am. Compl. ¶¶ 12, 14.)

In response to both paragraphs, Defendant stated it was "without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis denies, generally and specifically, all such allegations." (Answer ¶¶ 12, 14.)

Plaintiff argues that these factual allegations are either known to Defendant, or, in the alternative, "can be easily brought within [Defendant's] knowledge with a cursory review of their own records." (Pl.'s Memo. at 5-6.) She notes that Defendant reported her bankruptcy on the credit report it compiled and published, and that it receives daily updates from LexisNexis on public records relating to bankruptcy filings. (*Id.* at 6.) Thus, because

Defendant "sought out and reported" her bankruptcy on its report, it cannot now "feign ignorance" as to those proceedings. (*Id.*) Plaintiff asks this Court to deem paragraphs 12 and 14 of Defendant's Answer admitted. (*Id.* at 9.)

Defendant counters that Plaintiff's argument fails because it conflates the contents of the credit report (which it created and has direct knowledge of) with the underlying facts of the bankruptcy matter (which LexisNexis, a third party, provides to Defendant). (Def.'s Resp. at 6.) It argues that although it has knowledge of the information provided to it by LexisNexis and the information on the Experian credit report "it did not, at the time of its response, have [P]laintiff's bankruptcy docket or underlying filings." (*Id.* at 7.) It further argues that deeming these answers admitted is an extreme remedy and Plaintiff has not provided adequate legal support for the Court to order that particular remedy. (*Id.*) Lastly, because Plaintiff has access to her own bankruptcy records, and because the facts of her bankruptcy are a matter of public record subject to judicial notice, Defendant argues Plaintiff would not need to undertake exhaustive additional efforts in the discovery process due to Defendant's responses to paragraphs 12 and 14 of the Amended Complaint. (*Id.*)

Under the Federal Rules of Civil Procedure, if a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," they must state so in their answer. Fed. R. Civ. P. 8(b)(5). This statement "has the effect of a denial." *Id.* In support of her argument, Plaintiff extensively cites *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 6801832 (E.D. Mo. Dec. 23, 2013). (*See generally* Pl.'s Memo. at 3-9.) This case is not entirely analogous to the current matter. For example, Defendant is correct that

4

the plaintiffs' motion in that case did not ask for the same remedy Plaintiff seeks in this case—to have the answers deemed admitted. (*See* Def.'s Resp. at 7 (citing *Certain Underwriters*, 2013 WL 6801832, at *1).) Nor did the court in *Certain Underwriters* deem any answers admitted. *See Certain Underwriters*, 2013 WL 6801832, at *13 (ordering certain paragraphs of the defendant's answer stricken and ordering the defendant to replead paragraphs that did not comply with the pleading requirements of Federal Rule of Civil Procedure 8(b)). The case's summary of the requirements of Rule 8, however, is instructive. *See id.* at *3-4 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1262 (3d ed. 2010)). Wright & Miller's *Federal Practice and Procedure* is also instructive on the issue of pleading insufficient knowledge or information under Federal Rule of Civil Procedure 8(b)(5):

> Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record. A denial of knowledge or information in this context casts doubt on the good faith of the pleader. Furthermore, a federal court often will impute knowledge of certain matters to a party, such as charging a corporation with the knowledge of the acts of its agents, or will impose a reasonable burden of investigation upon the pleader. However, if knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate; the pleader is not compelled to make an exhaustive or burdensome search in order to determine the truth or falsity of his opponents allegations.

Wright & Miller, *supra*, at § 1262; *see also Certain Underwriters*, 2013 WL 6801832, at *3-4 (quoting the same).

5

In this instance, paragraphs 12 and 14 of the Amended Complaint allege basic facts about Plaintiff's bankruptcy proceedings. Paragraph 12 contains Plaintiff's bankruptcy petition number, which is also listed in Plaintiff's Experian credit report. (*Compare* Am. Compl. ¶ 12 with Pl.'s Experian Credit Report at 1, ECF No. 26-1.) Though Defendant argues that LexisNexis provides that information for its credit reports, this information is a matter of the public record and Defendant would not be required to make an exhaustive or burdensome search in order to determine the validity of Plaintiff's allegations in paragraphs 12 and 14. Therefore, the Court shall grant Plaintiff's motion as it relates to Defendant's responses to paragraphs 12 and 14. It will, however, do so only to the extent that it deems Defendant's Answer insufficient. Defendant shall replead those paragraphs in a manner that complies with Rule 8(b).

### 2. Paragraphs 40, 41, and 44

Plaintiff also challenges Defendant's denials of paragraphs 40, 41, and 44, on the basis that they do not comply with Rule 8(b)(2). These paragraphs in the Amended Complaint state:

> 40. Upon reviewing her Experian report, Plaintiff discovered that Experian was reporting her Auto Loan as having negative account history from June 2019, the month Plaintiff filed for bankruptcy, through March of 2020.
>
> 41. Experian did not report account history from May 2020 through August 2020.
>
> . . .
>
> 44. Plaintiff also discovered that after the dispute, Experian updated the Status of the Credit Card to report as "Now paying/was a charge-off", and changed the account history to

>"Ok" in August 2020, despite Plaintiff not making any payments on this account since filing for bankruptcy.

(Am. Compl. ¶¶ 40-41, 44.)

Plaintiff argues that these denials contradict Defendant's own reporting of Plaintiff's credit information in her September 2020 credit report and thus the denials "fail to 'fairly' respond to Plaintiff's Complaint" in violation of Federal Rule of Civil Procedure 8(b)(2). (Pl.'s Memo. at 7.) She asks this Court to order Defendant to amend these "patently false" responses to include honest responses. (*Id.* at 8-9.)

Defendant argues that the allegations in paragraphs 40 and 44 of the Amended Complaint are contradicted by the credit report it provided to Plaintiff on September 15, 2020. (Def.'s Resp. at 3-5; *see also* Pl.'s Experian Credit Report, ECF No. 26-1.) It also argues paragraph 41, which alleges that Experian did not report account history from May through August 2020, is extremely broad, and does not specify whether she is referring to the auto loan or credit card account at issue in this case. (Def.'s Resp. at 4-5.) Further, Defendant argues it was justified in denying the allegations pleaded in paragraph 44 of the Amended Complaint due to Plaintiff's ambiguous use of the word "report," which, depending on its reference, could be consequential in this case. (*Id.* at 5 (citing the definition of "consumer report" under 15 U.S.C. § 1681a(d)).) Because "[i]ssuance of a consumer report is an essential element of a plaintiff's *prima facie* case under" the FCRA, Defendant argues it "is justifiably cautious of admitting that it reported or did not report information unless it can be certain that was the case." (*Id.* (citing 15 U.S.C. § 1681e(b)).) In this case, Defendant argues that in addition to paragraph 44's

7

vagueness and overbreadth, it denied the allegation because it was "unable to determine that it did not report account history on Plaintiff's auto loan" to a third party. (*Id.*)

When denying an allegation, a party "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "The purpose of a responsive pleading is to put everyone on notice of what the defendant admits and what it intends to contest." *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014). When considering the pleadings by both parties, as well as the factual and legal dispute outlined in Defendant's responsive memorandum, the Court finds that Defendant fairly and adequately responded to the allegations in paragraphs 40, 41, and 44. Defendant has fairly responded to the substance of Plaintiff's allegations in these paragraphs in compliance with Federal Rule of Civil Procedure 8(b)(2). Thus, Plaintiff's motion to strike as it relates to Defendant's answer of those paragraphs is denied.

### B. Defendant's Affirmative Defenses

The Court next turns to Plaintiff's challenges to Defendant's Affirmative Defenses. Plaintiff first notes that the Eighth Circuit Court of Appeals has not addressed whether affirmative defenses are subject to the heightened pleading standards outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Pl.'s Memo. at 9.) She argues, however, that Defendant's affirmative defenses are insufficiently pleaded under either standard. (*Id.*)

More specifically, Plaintiff argues Defendant's fourth and seventh affirmative defenses fail as a matter of law, and Defendant's third, fifth, sixth, and ninth affirmative

8

defenses are devoid of any factual support. (*Id.* at 10-13.[1])  Defendant argues that each of the affirmative defenses pleaded in its Answer "presents plausible questions of law or fact" and thus should not be stricken.  (Def.'s Resp. at 16.)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A district court enjoys 'liberal discretion'" to strike affirmative defenses under the rule, "[h]owever, striking a party's pleadings 'is an extreme measure,' and motions to strike under Rule 12(f) 'are viewed with disfavor and infrequently granted.'"  *Brossart v. DIRECTTV*, No. 11-cv-786 (DWF/JJK), 2011 WL 5374446, at *1 (D. Minn. Nov. 4, 2011) (quoting *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should be granted 'if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action.'"  *Bjornson v. Soo Line R. Co.*, No. 14-cv-4596 (JRT/SER), 2015 WL 5009349, at *3 (D. Minn. Aug. 24, 2015) (quoting *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010)).  The motion "will be denied," however, "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

---

[1] Plaintiff asks this Court to strike Defendant's third through ninth affirmative defenses.  (*See id.* at 3, 13.)  She fails, however, to make any specific legal or factual basis for striking the eighth affirmative defense of reasonable procedures.  (*See generally id.*)  The Court therefore summarily denies Plaintiff's motion to strike that affirmative defense.

Because neither party is advocating for the Court to adopt a heightened "plausibility" pleading standard to affirmative defenses, the Court will not decide that issue. *See Acosta v. Luxury Floors, Inc.*, No. 18-cv-1489 (WMW/ECW), 2018 WL 7350478, at *2 (D. Minn. Dec. 7, 2018) (concluding that because the parties agreed the heightened pleading standards did not apply to affirmative defenses, the court "need not decide this issue at this time"), *report and recommendation adopted*, 2019 WL 652419 (D. Minn. Feb. 15, 2019).

### 1. The Fourth and Seventh Affirmative Defenses

Plaintiff first argues that Defendant's fourth (failure to mitigate damages) and seventh (unclean hands) affirmative defenses fail as a matter of law. "A court may strike a defense as legally insufficient if the defense asserted is 'foreclosed by prior controlling decisions or statutes.'" *Bjornson*, 2015 WL 5009349, at *3 (quoting *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012)). "[I]f there are no controlling decisions or statutes on point, a defense will not be stricken as legally insufficient." *Id.*

The Court finds the cases Plaintiff cites in support of her motion to strike these two affirmative defenses are not persuasive in this instance as she has not asserted controlling law barring these defenses. Further, a court in this district has allowed the affirmative defenses of failure to mitigate damages and unclean hands to survive a motion to strike in a FCRA case. *See Brossart*, 2011 WL 5374446, at *2. Thus, Plaintiff's motion to strike affirmative defenses four and seven is denied.

**2. The Third, Fifth, Sixth, and Ninth Affirmative Defenses**

Plaintiff argues that Defendant's third (indemnification), fifth (contributory/comparative fault), sixth (estoppel), and ninth (intervening causes) should be stricken because they are factually deficient and "simply 'point the finger' at [her] or some other unidentified entity." (Pl.'s Memo. at 12.) She further argues that these affirmative defenses are prejudicial to her because it will require her to conduct additional "unnecessary and time-consuming discovery to uncover the mysterious wrong-doers and their acts or omissions." (*Id.* at 13.)

First, the Court agrees with Defendant that adopting Plaintiff's argument about factual deficiencies would necessarily require the Court to apply the *Twombly/Iqbal* pleading standards to these defenses, something Plaintiff herself does not assert. (*See* Def.'s Resp. at 12-13.) Second, this Court finds that Plaintiff has not adequately shown that she would be so prejudiced through conducting discovery to justify the extreme measure of striking these affirmative defenses at this stage in the proceedings. *See Dahhane v. Stanton*, No. 15-cv-1229 (MJD/JJK), 2015 WL 5009642, at *3 (D. Minn. Aug. 24, 2015) (denying a plaintiff's motion to strike because no prejudice or confusion was shown when "[t]o the extent that either side in this case seeks to flesh out further facts and information related to asserted defenses, there is no indication that anything more that [sic] modest and appropriately directed discovery would be required."). Thus, Plaintiff's Motion to Strike affirmative defenses 3, 5, 6, and 9 is also denied.

## IV. CONCLUSION

The Court notes that while it understands its fundamental role in addressing discovery disputes, this particular set of grievances could have been resolved without involvement of the Court with a reasonably modest level of cooperation between the two parties. Such cooperation would not have compromised the level of zealous advocacy required in our adversarial system. While Defendant's responses to paragraphs 12 and 14 can and will be deemed insufficient by the Court's Order, this is the type of issue that can and should be worked out by lawyers who meet with intention to solve problems, resolve disputes, and come to reasonable compromises. And, while Plaintiff has not inappropriately filed her motion to strike certain of Defendant's affirmative defenses, the Court would encourage counsel to weigh carefully the burden, time, and cost of seeking such relief, particularly in light of the high bar for success and the extreme remedy requested. The Court strongly encourages the parties to work out similar issues in the future in lieu of filing formal motions and using up the valuable time and resources of the parties, attorneys, and the Court.

[continued on next page]

## V. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses and Deem Insufficient Answers Admitted (ECF No. 19) is **GRANTED IN PART** and **DENIED IN PART** as specifically outlined herein.

2. Each party should bear their own attorney fees and expenses.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: December   16  , 2020            *s/Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Nadeau v. Experian Info. Sols., Inc.*
                                        Case No. 20-cv-1841 (PJS/TNL)